﻿Citation Nr: AXXXXXXXX
Decision Date: 02/25/19 Archive Date: 02/25/19

DOCKET NO. 181228-1400
DATE: February 25, 2019

REMANDED

Entitlement to service connection for a psychiatric disorder, to include as secondary to a service-connected disability, is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP).

The Veteran served on active duty from April 1976 to April 1979. 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form in April 2018. Accordingly, the June 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to service connection for a psychiatric disorder, claimed as depression

A claim for service connection for a disability encompasses all relevant symptoms, regardless of how that symptomatology is diagnosed. Clemons v. Shinseki, 23 Vet. App. 1, 4-5 (2009). This is because a claimant generally is not competent to diagnose his or her specific condition where such a diagnosis requires medical expertise; he is only competent to identify and explain the symptoms that he observes and experiences. Clemons, 23 Vet. App. at 4-5. Although the Veteran claimed service connection for depression, the Board has characterized the Veteran’s claim as one for a psychiatric disorder, in order to reflect the various psychiatric diagnoses made during the claim and appeal period.

The claim of entitlement to service connection for a psychiatric disorder is remanded to correct a duty to assist error that occurred prior to the April 2018 RAMP election. 

First, the Board notes that VA has a duty to assist claimants to obtain evidence needed to substantiate a claim. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159 (2018). VA’s duty to assist includes providing a medical examination when is necessary to make a decision on a claim. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4). The RO did not provide the Veteran with an examination. Such development is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but (1) contains competent evidence of diagnosed disability or recurrent symptoms of disability, (2) establishes that the Veteran suffered an event, injury or disease in service, or has a presumptive disease during the pertinent presumptive period, and (3) indicates that the claimed disability may be associated with the in-service event, injury, or disease, or with another service-connected disability. 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79, 83-86 (2006) (noting that the third element establishes a low threshold and requires only that the evidence “indicates” that there “may” be a nexus between the current disability or symptoms and active service, including equivocal or non-specific medical evidence or credible lay evidence of continuity of symptomatology). 

The Veteran initially asserted that he has a psychiatric disorder as a result of in-service events, to include being subjected to racism during service. See February 2014 Notice of Disagreement. In his October 2014 substantive appeal, however, he asserted that he had psychiatric symptoms that are secondarily related to pain from disorders for which he was claiming service connection. At the time, the Veteran was not service-connected for any disorder. However, in a January 2019 rating decision, the RO granted service connection for thoracolumbar degenerative disc disease and scoliosis and right piriformis syndrome and sacroiliitis. This rating decision, however, is after the date of the Veteran’s election of the RAMP process. Thus, no pre-decisional duty to assist error due to a failure to provide an examination may be found. On remand, the Veteran is encouraged to submit a supplemental claim if he wishes to further develop this contention.

The Board does find a pre-decisional duty to assist error, however, because VA failed to obtain relevant federal records. VA has a duty to assist claimants to obtain evidence needed to substantiate a claim. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159(c) (2018). This includes making as many requests as are necessary to obtain relevant records from a Federal department or agency, including, but not limited to, military records, VA medical records, records from facilities with which the VA has contracted, and records from Federal agencies such as the Social Security Administration (SSA). 38 C.F.R. § 3.159(c)(2). VA treatment records document a psychosocial and vocational assessment profile in November 2013. At that time, the Veteran reported that he was in receipt of disability benefits from the SSA. A remand is required to allow VA to obtain these records. 

The matter is REMANDED for the following action:

Contact the SSA and obtain a copy of that agency’s decision concerning the Veteran’s claim for disability benefits, including any medical records used to make the decision. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his or her representative.

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Steve Ginski, Associate Counsel